IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RODNEY G. PARR and<br>others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>HICO CONCRETE, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   No. 3:10-1091<br>)   Judge Sharp/Bryant<br>)<br>)<br>)<br>) |

TO: The Honorable Kevin H. Sharp

## REPORT AND RECOMMENDATION

Plaintiff, Rodney G. Parr, has filed a Motion for Approval of 29 U.S.C. § 216(b) Notice and Consent Forms and to Order Disclosure of Current and Former Employees (Docket Entry No. 6), to which Defendant, Hico Concrete, Inc., has filed a response in opposition (Docket Entry No. 13). This motion has been referred to the undersigned Magistrate Judge for a report and recommendation. (Docket Entry No. 4.) For the reasons given below, the undersigned Magistrate Judge recommends that Plaintiff's motion for conditional certification be granted in full.

### Statement of the Case

Plaintiff filed his complaint on November 17, 2010, for violations of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 *et seq.*, and for unjust enrichment under Tennessee law. (Compl. at 4.) Specifically, Plaintiff, an hourly construction laborer, alleges that he and other similarly situated employees were worked "off the clock" and that Defendant willfully

1

failed to pay overtime wages to Plaintiff and other similarly situated employees. (Compl. at 2-4.) Plaintiff alleges that, while he was employed by Defendant, he and other employees regularly worked in excess of forty hours a week as a result of being "forced to perform remedial work on construction jobs on their own time and without proper compensation." (Compl. at 2-3.) Plaintiff further alleges that "[e]mployees' pay was automatically docked thirty minutes per day for meal breaks, even though employees regularly and routinely were unable to take uninterrupted meal breaks" and that "Defendant regularly and repeatedly failed to properly compensate employees for travel time." (Compl. at 3.) Defendants promptly filed an answer denying Plaintiff's allegations. (Docket Entry No. 8.)

On December 3, 2010, Plaintiff filed the pending motion for authorization to proceed as a collective action under both his FLSA claim and state law claim. (Docket Entry No. 6, Pl.'s Mot. at 1.) Plaintiff contends that he has met the minimal showing to be entitled to proceed with conditional certification of his collective action and to send notice to prospective plaintiffs, relying on his declaration and the declarations of two other similarly situated employees filed contemporaneously with his memorandum of law. (Docket Entry No. 7, Pl.'s Mem. in Supp. at 2; Docket Entry No. 7-3, Parr Decl.; Docket Entry No. 7-4, Qualls & Morford Decls.) Plaintiff also filed a Proposed Notice (Docket Entry No. 7-1) and a Proposed Consent Form (Docket Entry No. 7-2) to be mailed or otherwise distributed to putative plaintiffs. Defendant contends that Plaintiff cannot qualify as a representative of any other party in this matter because he has not adequately plead facts to state a cause of action in his complaint demonstrating that Defendants violated the FLSA. (Docket Entry No. 13, Def.'s Resp. at 1.)

**Legal Analysis**

A collective action under the FLSA "may be maintained against any employer…by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Moreover, "because the statute requires only that employees be 'similarly situated,' plaintiffs seeking to certify a collective action under the FLSA face a lower burden than those seeking to certify a class action" under Rule 23 of the Federal Rules of Civil Procedure. Benson v. Asurion Corp., 2010 WL 4922704, at *2 (M.D. Tenn. Nov. 29, 2010) (citing O'Brien v. Ed Donnelly Enters., 575 F.3d 567, 584 (6th Cir. 2009) (noting that "[w]hile Congress could have imported the more stringent criteria for class certification under [Rule 23], it has not done so in the FLSA")). Once a collective action is certified, employees seeking to join the class must affirmatively "opt in" to the litigation by filing a written consent with the court. 29 U.S.C. § 216(b).

Once it has determined that the employees to be notified are similarly situated, "[t]he district court may use its discretion to authorize notification [to those employees] to allow them to opt into the lawsuit." Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546 (6th Cir. 2006) (citing Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 169 (1989)). Courts generally use a two-phase inquiry to determine whether employees are similarly situated. Comer, 454 F.3d at 546. The first phase of the inquiry occurs early in the litigation before discovery takes place. Id. The second phase[1] occurs "after all of the opt-in forms have been received and discovery has concluded." Heldman v. King Pharm., Inc., 2011 WL 465764, at *1 (M.D. Tenn. Feb. 2, 2011) (citing Comer, 454 F.3d at 546).

---

[1] At the second phase of the inquiry, the Court applies a more stringent standard and the plaintiff must introduce "substantial evidence" that the putative plaintiffs are similarly situated. Comer, 454 F.3d at 547; Heldman, 2011 WL 465764, at *3 (citing Frye v. Baptist Mem'l Hosp., Inc., 2010 WL 3862591, at *2 (W.D. Tenn. Sept. 27, 2010)).

At the first stage, the plaintiff bears the burden of showing only that his or her position "is similar, not identical, to the positions held by the putative class members." Comer, 454 F.3d at 546-47 (quoting Pritchard v. Dent Wizard Int'l Corp., 210 F.R.D. 591, 595 (S.D. Ohio Aug. 6, 2002)). However, "conditional certification need only be based on a 'modest factual showing' and [] the court should use a 'fairly lenient standard' that typically results in certification." Heldman, 2011 WL 465764, at *2; see also Comer, 454 F.3d at 546-47. Although the FLSA does not define "similarly situated," the Sixth Circuit determined that "it is clear that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." O'Brien, 575 F.3d at 585; see also Miller, 2011 WL 1060737, at *7 (finding that named and potential plaintiffs were similarly situated in FLSA action where they all "worked under a system in which they had 30 minutes deducted from their shift for lunch, but, in most cases, they were not allowed to take a lunch break."). However, a plaintiff is not required to show a "unified policy" of violations for certification. Benson, 2010 WL 4922704, at *2; O'Brien, 575 F.3d at 584. Instead, a named plaintiff may show that putative plaintiffs are similarly situated when their claims are merely "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." O' Brien, 575 F.3d at 585 (finding that plaintiffs were similarly situated because their claims were unified by common theories of defendants' statutory violations—claims that employees were forced to work off the clock and that time sheets were improperly edited). Finally, the district court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations" at this first phase of inquiry. Wlotkowski, 267 F.R.D. at 217 (quoting Brasfield v. Source Broadband Servs., 257 F.R.D. 641, 642 (W.D. Tenn. Apr. 23, 2009)).

In this case, Defendant has not disputed that Plaintiffs are similarly situated, but has argued that Plaintiff's complaint has not sufficiently plead facts to state a cause of action under the FLSA. However, the undersigned finds that Plaintiff has made the "modest factual showing" to conditionally certify[2] this collective action. Whether or not Plaintiffs were entitled to travel time and other substantive issues discussed in Defendant's response are inappropriate for consideration for conditional certification at this stage of the litigation. Wlotkowski, 267 F.R.D. at 217.

Plaintiff's complaint and supporting declaration provide evidence that Defendant's employees are not compensated for all work performed. Plaintiff testified in his declaration that his supervisor, Jim Taylor, "would instruct employees (including me) to go back to the job site and perform remedial work on our own time" and that employees were not paid overtime for their remedial work. (Parr Decl. at 2.) He further testified that Defendant automatically deducted thirty minutes per day for employees' meal breaks although employees were rarely able to take meal breaks. (Parr Decl. at 2.) Plaintiff also testified that Nashville-based employees were not compensated for travel time when working on a construction site in Cookeville, Tennessee. (Parr Decl. at 2.) Plaintiff declares that he and other employees were "regularly and repeatedly worked off the clock." (Parr Decl. at 2.)

Plaintiff also offers the declarations of two other former employees of Defendant, both of whom were hourly laborers, like Plaintiff. These declarations contain the same basic allegations as Plaintiff's declaration. Both state that they performed remedial work on their own time at the direction of a supervisor, but were not compensated for this work. (Docket Entry No. 7-4, Qualls

---

[2] Defendant will still have the option to file a motion for decertification once discovery is complete during the second phase of the "similarly situated" inquiry for certification. Benson, 2010 WL 4922704, at *5.

Decl. at 2, Morford Decl. at 3.) Both state that meal breaks were deducted automatically although breaks were rarely taken and that they were not compensated for travel time to out-of-town construction sites. (Docket Entry No. 7-4, Qualls Decl. at 2, Morford Decl. at 3.) Both declarations further state that other employees were subject to the same policies and practices that resulted in unpaid overtime. (Docket Entry No. 7-4, Qualls Decl. at 2, Morford Decl. at 3.)

The undersigned finds that these declarations provide the "modest factual showing" necessary to conditionally certify this collective action. Comer, 454 F.3d at 546-47. Plaintiff has provided the sworn declarations of three former employees of Defendant, all of whom were hourly laborers that claim they were not compensated for overtime or "straight time" worked as a result of Defendant's policies or practices of (1) directing employees to perform remedial work on their own time, (2) automatically deducting thirty minutes for lunch breaks not taken, and (3) failing to pay for travel time to out-of-town construction sites. Because Plaintiff's evidence suggests the existence of common theories that resulted in Defendant's violations of the FLSA, the plaintiffs have met their "fairly lenient" burden. O' Brien, 575 F.3d at 585; Comer, 454 F.3d at 546-47. Furthermore, although Defendant has submitted evidence in the form of two affidavits that tends to reveal weaknesses in the plaintiffs' case, it does not preclude conditional certification at this point. Wlotkowski, 267 F.R.D. at 217.

Thus, the plaintiffs have met their burden of showing that they are "similarly situated" at this initial phase of the certification process. Accordingly, the Court should conditionally certify a collective action for a class consisting of "all hourly employees of Defendant during the last six years who were subject to Defendant's practice of working employees off the clock."

Plaintiffs have also sought additional rulings on the scope of initial discovery, the Notice and Consent forms, how the forms and notice will be distributed, and statute of limitations

issues. Defendant has not made any objections to these requests and the undersigned does not find any of the requests to be unreasonable or without precedent. See Miller v. Jackson, 2011 WL 1060737, at *8 (M.D. Tenn. Mar. 21, 2011); Benson, 2010 WL 4922704, at *6. Thus, the undersigned recommends that the Court: (1) order Defendant to disclose the names, last known addresses, and last telephone numbers for all putative class members within the last six years; (2) toll the statute of limitations for putative plaintiffs as of November 17, 2010, the date this lawsuit was filed; and (3) order the parties to meet and confer in good faith regarding the method of physical notice, and, within thirty days of the date of the order, either submit agreed notice and consent forms, or, if the parties cannot agree, allow Defendant to file objections to Plaintiffs' proposed forms by the same deadline.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's motion for conditional certification be **GRANTED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 1st day of August, 2011.

    s/ John S. Bryant  
    JOHN S. BRYANT  
    United States Magistrate Judge