UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **RODNEY G. PARR and others similarly situated,** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | )  No. 3:10-1091<br>)  Judge Sharp |
| **HICO CONCRETE, INC.** | )<br>) |
| **Defendant.** | ) |

## ORDER

In this action under the Fair Labor Standards Act, Plaintiff Rodney G. Parr has filed a "Motion for Approval of 29 U.S.C. § 216(b) Notice and Consent Forms and to Order Disclosure of Current and Former Employees" (Docket No. 6). The Magistrate Judge has entered a Report and Recommendation ("R & R") (Docket No. 16) in which he recommends that the request for conditional class certification be granted, and that the Court "conditionally certify a collective action for a class consisting of 'all hourly employees of Defendant during the last six years who were subject to Defendant's practice of working employees off the clock." (Id. at 6).

The Magistrate Judge also "recommends that the Court: (1) order Defendant to disclose the names, last known addresses, and last telephone numbers for all putative class members within the last six years; (2) toll the statute of limitations for putative plaintiffs as of November 17, 2010, the date this lawsuit was filed; and (3) order the parties to meet and confer in good faith regarding the method of physical notice, and, within thirty days of the date of the order, either submit agreed notice and consent forms, or, if the parties cannot agree, allow Defendant to file objections to Plaintiffs' proposed forms by the same deadline." (Id. at 7).

1

In the R & R, the parties were informed that any Objections needed to be filed within fourteen days of entry of the R & R. The parties have filed no objections. Instead, the parties have filed a "Stipulation Regarding Class Notice" in which they agree on the language of the Notice to be given members of the putative class, and in which Defendant voices "no objection to the method of Notice requested by Plaintiff in his Motion for Conditional Certification and Court Supervised Notice." (Docket No. 17). The agreed form of Notice is attached to that stipulation. (Docket No. 17-1).

Having reviewed the relevant filings, the Court agrees with the Magistrate Judge that (1) Plaintiff has met the "modest factual showing" necessary to conditionally certify this case as a collective action; (2) the method of providing notice (to which Defendant makes no objections) is reasonable; (3) Defendant should be required to provide identifying information about those individuals, so as to adequately apprise potential members of the putative class; and (4) the statute of limitations should be tolled as of the date this lawsuit was filed. The Court also finds the stipulated Form of Notice (17-1), and the proposed "Consent to Become Party Plaintiff," form (Docket No. 7-2) are appropriate.

Accordingly, the Court rules as follows:

(1) The R & R (Docket No. 16) is hereby ACCEPTED and APPROVED;

(2) Plaintiff's "Motion for Approval of 29 U.S.C. § 216(b) Notice and Consent Forms and to Order Disclosure of Current and Former Employees" (Docket No. 6) is hereby GRANTED;

(3) The Court hereby CONDITIONALLY CERTIFIES a collective class consisting of "all hourly employees of Defendant during the last six years who were subject to Defendant's practice of working employees off the clock";

2

(4) The Notice (Docket No. 17-1) which has been stipulated to by the parties is hereby APPROVED, as is Plaintiff's proposed Consent to Become Party Plaintiff form (Docket No. 7-2);

(5) The statute of limitations for putative class members is tolled as of the date this lawsuit was filed, November 17, 2010;

(6) Within thirty (30) days of the date of entry of this Order, Defendant shall provide Plaintiff's counsel the names, last known addresses, and last telephone numbers for all employees and former employees who meet the class definition and who were employed by Defendant within the last six years;

(7) Within sixty days of the date of entry of this Order, counsel for Plaintiff shall mail, via first class mail, a copy of the Notice form to each of the identified putative class members and provide in said Notice that any Consent to Become Party Plaintiff shall be returned to Plaintiff's counsel within ninety (90) days from mailing;

(8) Any executed Consent to Become Party Plaintiff forms shall be deemed filed on the date it is postmarked; and

(9) Defendant shall include a copy of the Notice with each current employees' next scheduled paycheck and, for a period of one hundred twenty (120) days from the date of entry of this Order, post a copy of the Notice in a prominent place at each of Defendant's facilities.

This case is hereby returned to the Magistrate Judge for further pre-trial case management.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE